William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

*Attorneys for Plaintiffs*
*Bausch & Lomb Incorporated and*
*Bausch + Lomb Ireland Limited*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BAUSCH & LOMB INCORPORATED and BAUSCH + LOMB IRELAND LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>SANDOZ INC.,<br><br>Defendant. | Civil Action No. 25-1167<br><br>*Document Electronically Filed* |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Bausch & Lomb Incorporated and Bausch + Lomb Ireland Limited (together, "B+L" or "Plaintiffs") by way of Complaint against Defendant Sandoz Inc. ("Sandoz" or "Defendant") allege as follows:

**NATURE OF THE ACTION**

1.      This is an action for infringement of United States Patent Nos. 10,596,107 ("the '107 patent") and 11,534,395 ("the '395 patent") (together, the "Asserted Patents"), arising under the United States patent laws, Title 35, United States Code § 100 et seq., including 35 U.S.C. §§ 271 and 281, and for declaratory judgment of infringement under 28 U.S.C. §§ 2201 and

2202. This action relates to Sandoz's filing of an Abbreviated New Drug Application ("ANDA") under Section 505(j) of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to market its generic loteprednol etabonate gel, 0.38% ("Sandoz's Proposed Generic LE Gel Product") prior to the expiration of the Asserted Patents.

## THE PARTIES

2. Plaintiff Bausch & Lomb Incorporated ("Bausch") is a corporation organized and existing under the laws of New York with a place of business at 1400 N. Goodman St. Rochester, NY 14609. Bausch is the registered holder of approved New Drug Application ("NDA") No. 208219, which covers loteprednol etabonate ophthalmic gel (0.38%), and which the FDA approved on February 22, 2019. Loteprednol etabonate ophthalmic gel (0.38%) is sold in the United States under the trademark LOTEMAX® SM.

3. Plaintiff Bausch + Lomb Ireland Limited ("Bausch Ireland") is a company organized and existing under the laws of Ireland, having its registered office at 3013 Lake Drive, Citywest Business Park, Dublin, Ireland. Bausch Ireland is the assignee of the Asserted Patents with the right to enforce.

4. Upon information and belief, Defendant Sandoz is a corporation organized and existing under the laws of the State of Delaware having a principal place of business at 100 College Road West, Princeton, New Jersey 08540. On information and belief, Sandoz is in the business of, among other things, importing, manufacturing, and selling generic versions of branded pharmaceutical products for the U.S. market.

5. On information and belief, Sandoz knows and intends that upon approval of Sandoz's ANDA, Sandoz will manufacture Sandoz's ANDA Product and Sandoz will directly or

indirectly market, sell, and distribute Sandoz's ANDA Product throughout the United States, including in New Jersey.

## JURISDICTION AND VENUE

6. Plaintiffs incorporate each of the preceding paragraphs 1-5 as if fully set forth herein.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

8. Upon information and belief, this Court has jurisdiction over Sandoz. Upon information and belief, Sandoz is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products. Upon information and belief, Sandoz directly or indirectly manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Sandoz's Proposed Generic LE Gel Product. Upon information and belief, Sandoz is a corporation with a principal place of business in New Jersey. Upon information and belief, Sandoz purposefully has conducted and continues to conduct business in this judicial district and has continuous and systematic contacts with the State of New Jersey.

9. On information and belief, Sandoz is registered to do business in the State of New Jersey under Entity Identification Number 0100097265 and is registered with the New Jersey Department of Health as a drug manufacturer and wholesaler under Registration Number 5003732.

10. Sandoz has consented to personal jurisdiction in this Court in numerous recent actions arising out of its ANDA filings and has filed counterclaims in such cases. *See, e.g.*, *Amgen Inc. v. Sandoz Inc.*, Civil Action No. 18-11026, ECF No. 18 (D.N.J. Sept. 25, 2018);

*Allergan Sales, LLC v. Sandoz, Inc.*, Civil Action No. 17-10129, ECF No. 18 (D.N.J. Dec. 19, 2017); *Boehringer Ingelheim Pharms., Inc. v. Sandoz, Inc.*, Civil Action No. 17-8825, ECF No. 14 (D.N.J. Jan. 23, 2018); *Mitsubishi Tanabe Pharma Corp. v. MSN Lab'ys Priv. Ltd.*, Civil Action No. 17-5302, ECF No. 28 (D.N.J. Nov. 17, 2017). Sandoz has purposefully availed itself of the rights and benefits of this Court by asserting such counterclaims in this Court.

11. Upon information and belief, Sandoz has a regular and established principal place of business in this judicial district because, for example, they maintain a place of business in this judicial district at 100 College Road West, Princeton, New Jersey 08540 and has committed an act of infringement in this judicial district.

12. Sandoz knows or should know that LOTEMAX® SM is manufactured by Bausch, at least because that information is included in the label for LOTEMAX® SM and is publicly available, and because other companies have been previously sued in this judicial district by Plaintiffs, related to LOTEMAX® SM.  *See Bausch & Lomb Inc., et al. v. Lupin Ltd., et al.*, Civil Action No. 23-790.

13. Upon information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

14. Venue is proper against Sandoz because, *inter alia*, it resides in and maintains a regular and established place of business in this judicial district, has committed an act of infringement in this judicial district, and a substantial part of the events and injury giving rise to Plaintiffs' claims has and continues to occur in this district.  On information and belief, among other things, (1) Sandoz filed Sandoz's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Sandoz's ANDA Product in the United States, including New Jersey; and (2) upon approval of Sandoz's ANDA,

Sandoz will market, distribute, offer for sale, sell, and/or import Sandoz's ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of Sandoz's ANDA Product in New Jersey.

## THE PATENTS IN SUIT

15. The FDA issues a publication entitled Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book").

16. In accordance with 21 U.S.C. § 355(b)(1), the Asserted Patents are listed in the Orange Book in connection with NDA No. 208219 as patents "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug" LOTEMAX® SM.

17. The U.S. Patent and Trademark Office ("PTO") issued the '107 patent on March 24, 2020. The '107 patent claims, *interalia*, ophthalmic suspensions comprising an ophthalmic active ingredient suspended in a formulation vehicle, wherein the ophthalmic active ingredient is loteprednol etabonate. Plaintiffs hold all substantial rights in the '107 patent and have the right to sue for infringement thereof. A copy of the '107 patent, including certificate of correction, is attached hereto as Exhibit 1.

18. The PTO issued the '395 patent on December 27, 2022. The '395 patent claims, *interalia*, ophthalmic suspensions comprising an ophthalmic active ingredient suspended in a formulation vehicle, wherein the ophthalmic active ingredient is loteprednol etabonate. Plaintiffs hold all substantial rights in the '395 patent and have the right to sue for infringement thereof. A copy of the '395 patent is attached hereto as Exhibit 2.

## SANDOZ'S INFRINGING ANDA SUBMISSION

19. Upon information and belief, Sandoz filed or caused to be filed with the FDA

ANDA No. 218526, under Section 505(j) of the Act and 21 U.S.C. § 355(j).

20. Upon information and belief, Sandoz's ANDA No. 218526 seeks FDA approval to engage in commercial manufacture, use, and sale in the United States of Sandoz's Proposed Generic LE Gel Product, intended to be a generic version of LOTEMAX® SM.

21. On or about January 15, 2025, Plaintiffs received a letter from Sandoz dated January 10, 2025, purporting to be a Notice of Paragraph IV Certification regarding ANDA No. 218526 ("Sandoz's Notice Letter") under Section 505(j)(2)(B)(iv) of the Act and 21 C.F.R. § 314.95. Sandoz's Notice Letter was addressed to Bausch & Lomb Incorporated, Bausch and Lomb Inc., and Bausch + Lomb Ireland Limited.

22. Sandoz's Notice Letter alleges that Sandoz has submitted to the FDA ANDA No. 218526 seeking approval to engage in the commercial manufacture, use and/or sale of Sandoz's Proposed Generic LE Gel Product, intended to be a generic version of LOTEMAX® SM.

23. Sandoz's Notice Letter states that Sandoz's ANDA No. 218526 contains "the required bioavailability and/or bioequivalence data and/or bioequivalence waiver."

24. Upon information and belief, ANDA No. 218526 seeks approval of Sandoz's Proposed Generic LE Gel Product that is the same, or substantially the same, as LOTEMAX® SM.

## COUNT I FOR PATENT INFRINGEMENT

**Infringement of the '395 Patent Under § 271(e)(2)**

25. Paragraphs 1-24 are incorporated herein as set forth above.

26. Under 35 U.S.C. § 271(e)(2), Defendant has infringed at least one claim of the '395 patent by submitting, or causing to be submitted to the FDA, ANDA No. 218526 seeking approval for the commercial marketing of Sandoz's Proposed Generic LE Gel Product before the expiration date of the '395 patent.

27. Upon information and belief, Sandoz's Proposed Generic LE Gel Product will, if approved and marketed, infringe at least one claim of the '395 patent.

28. Upon information and belief, Defendant will, through the manufacture, use, import, offer for sale, and/or sale of Sandoz's Proposed Generic LE Gel Product, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '395 patent.

29. If Defendant's marketing and sale of Sandoz's Proposed Generic LE Gel Product prior to the expiration of the '395 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT II FOR PATENT INFRINGEMENT

### Declaratory Judgment of Infringement of the '395 Patent

30. Paragraphs 1-29 are incorporated herein as set forth above.

31. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

32. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

33. Defendant has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Sandoz's Proposed Generic LE Gel Product before the expiration date of the '395 patent, including Sandoz's filing of ANDA No. 218526 .

34. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's Proposed Generic LE Gel Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '395 patent.

35. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of use, sale, and/or importation of Sandoz's Proposed Generic LE Gel Product will constitute infringement of at least one claim of the '395 patent.

## COUNT III FOR PATENT INFRINGEMENT

### Infringement of the '107 Patent Under § 271(e)(2)

36. Paragraphs 1-35 are incorporated herein as set forth above.

37. Under 35 U.S.C. § 271(e)(2), Defendant has infringed at least one claim of the '107 patent by submitting, or causing to be submitted to the FDA, ANDA No. 218526 seeking approval for the commercial marketing of Sandoz's Proposed Generic LE Gel Product before the expiration date of the '107 patent.

38. Upon information and belief, Sandoz's Proposed Generic LE Gel Product will, if approved and marketed, infringe at least one claim of the '107 patent.

39. Upon information and belief, Defendant will, through the manufacture, use, import, offer for sale, and/or sale of Sandoz's Proposed Generic LE Gel Product, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '107 patent.

40. If Defendant's marketing and sale of Sandoz's Proposed Generic LE Gel Product prior to the expiration of the '107 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT IV FOR PATENT INFRINGEMENT

### Declaratory Judgment of Infringement of the '107 Patent

41. Paragraphs 1-40 are incorporated herein as set forth above.

42. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

43. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

44. Defendant has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Sandoz's Proposed Generic LE Gel Product before the expiration date of the '107 patent, including Sandoz's filing of ANDA No. 218526.

45. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's Proposed Generic LE Gel Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '107 patent.

46. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of use, sale, and/or importation of Sandoz's Proposed Generic LE Gel Product will constitute infringement of at least one claim of the '107 patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant on the claims set forth above and respectfully request that this Court:

1. Enter judgment that, under 35 U.S.C. § 271(e)(2), Sandoz has infringed at least one claim of each of the '395 patent by submitting or causing to be submitted ANDA No. 218526 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Sandoz's Proposed Generic LE Gel Product before the expiration of the '395 patent;

2. Enter judgment that, under 35 U.S.C. § 271(e)(2), Sandoz has infringed at least one claim of each of the '107 patent by submitting or causing to be submitted ANDA No. 218526

to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Sandoz's Proposed Generic LE Gel Product before the expiration of the '107 patent;

3. Order that the effective date of any approval by the FDA of Sandoz's Proposed Generic LE Gel Product be a date that is not earlier than the expiration of the '395 patent and the '107 patent, or such later date as the Court may determine;

4. Enjoin Sandoz from the commercial manufacture, use, import, offer for sale, and/or sale of Sandoz's Proposed Generic LE Gel Product until expiration of the '395 patent and the '107 patent, or such later date as the Court may determine;

5. Enjoin Sandoz and all persons acting in concert with Sandoz from seeking, obtaining, or maintaining approval of Sandoz's ANDA No. 218526 until expiration of the '395 patent and the '107 patent;

6. Declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs costs, expenses, and disbursements in this action, including reasonable attorney's fees; and

7. Award Plaintiffs such further and additional relief as this Court deems just and proper.

- 11 -

| | |
|---|---|
| Dated: February 11, 2025<br>Newark, New Jersey | s/ William P. Deni, Jr.<br>William P. Deni, Jr.<br>J. Brugh Lower<br>**GIBBONS P.C.**<br>One Gateway Center<br>Newark, New Jersey 07102<br>(973) 596-4500<br>wdeni@gibbonslaw.com<br>jlower@gibbonslaw.com<br><br>*Attorneys for Plaintiffs*<br>*Bausch & Lomb Incorporated and*<br>*Bausch + Lomb Ireland Limited* |